UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA JOEL SHANDRICK,<br><br>Defendant. | Case No.:  23-cr-0024-CAB<br><br>**ORDER ON MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(a)(i)**<br>**[Doc. No. 48]** |

Defendant Joshua Joel Shandrick filed a motion for sentence reduction pursuant to 18 U.S.C § 3582(c)(1)(A). [Doc. No. 48.] Plaintiff United States of America filed an opposition. [Doc. No. 53.]   Defendant submitted a reply. [Doc. No. 56.] The matter has been fully briefed, and the motion is suitable for determination on the papers.  The motion is **GRANTED**.

**I.      LEGAL STANDARD**

A court may modify or reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  Defendant requests early release due to extraordinary family circumstances so he may provide care for his dependent special needs daughter and his

1

elderly parents.  USSG §1B1.13(b)(3).  As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction.  *United States v. Varnado,* 2020 WL 2512204, at *1 (S.D. Cal. May 15, 2020); *United States v. Holden*, 2020 WL 1673440, at *3 (D. Or. April 6, 2020).

## II.     CASE BACKGROUND

The Defendant was sentenced on September 20, 2023, to 51 months in the custody of the Bureau of Prisons (BOP), followed by a three-year term of supervised release, on one count of importation of cocaine, in violation of 21 U.S.C. §§ 952 and 960.  [Doc. No. 43.] Defendant pled guilty to the importation of approximately 58.74 kilograms of cocaine. [Doc. No. 33.]  The Defendant qualified for a role reduction, reducing his base offense level to 31 and he was afforded 2 points for minor role.   Although his criminal history score was 32 and he was in a criminal history category VI, at the time of his sentencing Ninth Circuit precedent made him eligible for a 2-point safety value reduction as he did not have a scoring 2-point violent offense.[1]  With acceptance of responsibility and an early resolution departure, the Defendant's adjusted offense level was 20 and his guideline range was 70 to 87  [Doc. No. 41.]  The government recommended a variance to 60 months. [*Id*.] Defendant requested a variance to 48 months. [Doc. No. 40.]

After considering all the 18 U.S.C. § 3553(a) factors, including the seriousness of the offense, the need for general deterrence and the Defendant's personal characteristics and other mitigating factors including his health and family circumstances, the Court sentenced the Defendant 51 months. [Doc. No. 43.]  Currently the Defendant has completed approximately 38 months of custody, about 75% of his custodial term.  According to Defendant's counsel his release date is November 14, 2026, and he is eligible for home detention in mid-June 2026. [Doc. No. 56.]

---

[1] *U.S. v. Lopez*, 998 F.3d 431 (9th Cir. 2021), abrogated by *Pulsifer v. U.S.*, 601 U.S. 124 (2024).

23-cr-0024-CAB

### III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendant has satisfied the administrative requirements under 18 U.S.C. §3582(c)(1)(A).  [Doc. No. 48, at 12-13.]

### IV.   COMPASSIONATE RELEASE CONSIDERATIONS

In accordance with the policy statement set forth under U.S.S.G. § 1B1.13(b)(3)(A) and (C), the Defendant seeks early release to provide care for his minor child and elderly parents.  At the time of sentencing, the Defendant's parents, who are the guardians and primary caregivers for his special needs daughter, appeared capable of caring for her. Defendant has persuasively demonstrated that since that time, their ability to provide care for her and themselves has dramatically deteriorated.  [Doc. No. 56, at 4-5.] This situation has gone beyond the ordinary stress of caring for a minor child in the absence of an incarcerated parent.  The minor's needs and the incapacity of Defendant's parents have made this family situation extraordinary.

The minor's mother is not available to provide care.  [*Id*., at 5.]  Other relatives either cannot provide the needed care or do not reside in the area and relocating their families to provide care for the minor child is not a realistic option.  Nor is relocating the minor due to her various medical and educational needs. [*Id*. at 5-7.]

The Defendant has met his burden to establish that his family circumstances are extraordinary and compelling in accordance with U.S.S.G. § 1B1.13(b)(3)(A) and (C).

Finally, Defendant has shown that the sentencing factors under 18 U.S.C. §3553(a) have largely been accomplished at this time.  Defendant has already served approximately 75% of his custodial term and will shortly be eligible for home detention.  Adjusting the Defendant's sentence to time served and adding a condition of ten months of home detention to his conditions of supervision will reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate general and specific deterrence.

/ / / / /

/ / / / /

23-cr-0024-CAB

## V.      CONCLUSION

For the reasons discussed above, Defendant's motion to reduce his sentence <u>to time served as of February 6, 2026</u>, is **GRANTED**, conditioned upon the following:

1. Defendant begins to serve the three-year term of supervised release originally imposed by the Court with all conditions set at the sentencing to remain the same;

2. During the first 10 months of supervised release, the Defendant will be on home detention, monitored at the discretion of U.S. Probation, and he may be required to contribute to the costs of monitoring based on his ability to pay;

3. Within 72 hours of being released from custody, Defendant shall contact the U.S. Probation Office to receive further instructions pertaining to the necessary preparations for Defendant's supervised release;

4. Defendant will affirmatively demonstrate to the Court and U.S. Probation that he has a stable and appropriate residence and that he has an appropriate means of traveling to that location, or that he report to an RRC placement as directed by U.S. Probation.

**IT IS SO ORDERED.**

Dated:  February 3, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

23-cr-0024-CAB